IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| BILLY ANDERSON, et al., | * |
| Plaintiffs, | * |
| v. | * Civil Action No.: TDC-13-1509 |
| PRINCE GEORGE'S COUNTY, MD, et al., | * |
| Defendants. | * |

## MEMORANDUM OPINION

Before this Court is Defendant Rowe's Motion for a Show Cause Order ("Defendant's Motion") (ECF No. 55). The Court has reviewed Defendant's Motion, related memoranda, and applicable law. No opposition has been filed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS Defendant's Motion and directs non-party witness ▆▆▆▆▆▆▆▆▆▆ to appear before the Court to show cause why he should not be held in contempt for his failure to appear at a deposition scheduled for April 14, 2014 at 9:30 a.m.

I.  **Background**

On May 23, 2013, Plaintiffs filed a Complaint against Defendants.[1] Compl. ¶ 4 (ECF No. 1). On December 31, 2013, Plaintiff Jemel Anderson responded to the Interrogatories of Defendant Christopher Perry ("Defendant Perry") and identified ▆▆▆▆▆▆▆▆▆▆ ("▆▆▆▆▆▆") as an eyewitness. *See* Def. Mot. Ex. A, at 2–4. Defendant Michael Rowe

---

[1] On May 23, 2013, Plaintiff Jemel Anderson filed a Complaint by and through his then-guardian Plaintiff Billy Anderson because he was still a minor. Compl. ¶ 4 (ECF No. 1). Plaintiff Jemel Anderson reached the age of majority on September 27, 2013. Mot. to File 2nd Am. Compl. ¶ 5 (ECF No. 57); *see also* Def. Mot. Ex. A, at 2 (stating Plaintiff Jemel Anderson's date of birth is September 27, 1995).

("Defendant Rowe") alleges that, as such, obtaining ████████ testimony is necessary. Def. Mot. ¶ 3.

On March 26, 2014, Defendant Rowe's attorney subpoenaed ████████ to attend and testify at a deposition scheduled for April 14, 2014 at 9:30 a.m., to which ████████ did not appear. *Id.* at ¶ 4–6. Defendant Rowe's counsel states under oath that ████████ father contacted his office just after 10:00 a.m. on the day of the deposition to inform him that ████████ was unwilling to appear or reschedule the deposition. *Id.* at ¶ 6.

## II. Discussion

Rule 45(g) of the Federal Rules of Civil Procedure provides that a court may "hold in contempt a person who, having been served [a subpoena], fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The defense claims it properly served ████████ with a subpoena directing his appearance and testimony at a deposition on April 14, 2014. Defendant Rowe requests that the Court direct ████████ to appear to show cause why he should not be held in contempt for his failure to comply with the subpoena.

### A. Service of the Subpoena was Proper Pursuant to the Federal Rules of Civil Procedure and the Local Rules

Defendant Rowe alleges service of the subpoena was proper in accordance with the Federal Rules of Civil Procedure and the Local Rules. The Federal Rules require that a subpoena:

> (i) state the name of the court from which it has been issued; (ii) state the title of the action and the civil-action number; (iii) command attendance, production, or inspection and specify the time and place for doing so; and (iv) contain the text of subdivisions 45(d) and 45(e), which address the protection of persons subject to the subpoena and the duties in responding.

Fed. R. Civ. P. 45(a). If the subpoena commands the witness's attendance at a deposition, it must also state the method or platform for recording the testimony. Fed. R. Civ. P. 45(a)(1)(b).

2

Proper service of a subpoena requires delivering a copy to the named person. Fed. R. Civ. P. 45(b)(1). If the subpoena necessitates the witness's attendance, tendering the fees for one day's attendance and the mileage allowed by law is required. Fed. R. Civ. P. 45(b)(1); *see also In re Air Crash at Charlotte*, 982 F. Supp. 1092, 1100–01 (D.S.C. 1997) (finding invalid a subpoena that was sent by facsimile and without a mileage or witness fee check). Unless otherwise ordered by the Court or agreed on by the parties, fourteen days' advance notice of a deposition is reasonable within the meaning of Fed. R. Civ. P. 30(b)(1). Local Rule App. A, Guideline 9(b) (D. Md.).

Defendant Rowe's subpoena to ▆▆▆▆▆ satisfied the requirements enumerated in Rule 45. *See* Def. Mot. Ex. B, at 2. First, the subpoena provided ▆▆▆▆▆ with the name of the issuing court, the title of the action and the civil-action number, and the command to attend a disposition at 9:30 a.m., on April 14, 2014, in Prince George's County in accordance with Rule 45(a). *Id.* Second, the subpoena included the text of Rule 45(d)–(g), alerting ▆▆▆▆▆ to the consequences for a failure to comply. *Id.* Third, the subpoena specified that the testimony would be stenographically recorded in accordance with Rule 45(b). *Id.* Fourth, Defendant Rowe hand-delivered the subpoena to ▆▆▆▆▆ residence on March 26, 2014, almost three weeks prior to the deposition dates. *See* Def. Mot. Ex. C, at 3. Finally, Defendant Rowe included the proper fees for one day's attendance and mileage allowed by the law in accordance with Fed. R. Civ. P. 45(b)(1). *See* Def. Mot. Ex. B, at 2, 6 ($52.54 check for travel reimbursement and attendance fees). The Court concludes Defendant Rowe's service of the subpoena was proper.

**B.     ▆▆▆▆▆ Failed to File a Timely Motion to Quash or Modify the Subpoena and has Failed to Provide Adequate Excuse for Disobeying the Subpoena**

On a timely motion, a subpoena must be quashed or modified by the court if it: (i) fails to allow a reasonably time to comply; (ii) requires a person to comply beyond the geographical

3

limits specified in Rule 45(c); (iii) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d). Furthermore, to protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. *Id.* A subpoenaed individual claiming privilege or protection must expressly make the claim and describe the nature of the documents or information withheld as to enable all parties to evaluate the claim of privilege. Fed. R. Civ. P. 45(e). An individual who fails to modify, quash, or otherwise provide good cause for failing to cooperate with a subpoena may be ordered to appear before the Court to provide adequate excuse for why he should not be found in contempt of Court for failure to comply. Fed. R. Civ. P. 45(g); *see United States v. Bigwitch*, 1990 WL 168183, at *1 (4th Cir. Nov. 5, 1990).

███████ has made neither a timely motion to quash or modify the subpoena, nor an express claim of privilege or protection. *See* Def. Mot. Ex. D, at 3. ███████ father informed Defendant Rowe that ███████ will not comply or reschedule the deposition. *See id.* Absent a timely motion to quash or modify or an assertion of privilege, the Court may exercise its discretion and direct ███████ to appear before the Court to provide adequate excuse for his failure to comply with the subpoena. *Blackmer v. United States*, 284 U.S. 421, 435 (1932) ("Upon proof of . . . service and of the failure of the witness to appear, the court may make an order requiring the witness to show cause why he should not be punished for contempt."); *see also Dunkin' Donuts, Inc. v. Three Rivers Entm't & Travel*, 2002 WL 1733832, at *1 (4th Cir. July 29, 2002) ("[A]lthough there are no specific procedural steps to follow in civil contempt

4

proceedings, due process requires that the [alleged contemnor] be given the opportunity to be heard at a 'meaningful time and in a meaningful manner.'") (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975)); *Bigwitch*, 1990 WL 168183, at *1. If the witness is a minor, the subpoena must be served on the child's parent or guardian. A parent or guardian who fails to bring a child to court after proper service can be held in contempt of court. The record before the Court does not indicate whether ▉▉▉▉ was a minor or an adult on the date of service.

Plaintiff has identified ▉▉▉▉ as a material witness in this civil action, Def. Mot. Ex. A, at 4, and the Court concludes that his testimony is relevant. ▉▉▉▉ should be given the opportunity to provide adequate excuse for his failure to comply with the subpoena. *See Dunkin' Donuts, Inc.*, 42 F. App'x at 575. Absent an adequate excuse from ▉▉▉▉, the Court will enforce the subpoena and reserves the right to hold ▉▉▉▉ and/or his parent in contempt for failure to obey a court order.

### III. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion and directs non-party witness ▉▉▉▉ to appear before the Court to show cause for why he should not be held in contempt for his failure to appear at a deposition on April 14, 2014.

June 26, 2014

/s/
Charles B. Day
United States Magistrate Judge

CBD/slr/ktl