**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|  |  |  |
|---|---|---|
| **BILLY ANDERSON, et al.,** | * | |
|  | * | |
| **Plaintiffs,** | * | |
|  | * | |
| **v.** | * | **Civil Action No.: TDC-13-1509** |
|  | * | |
| **PRINCE GEORGE'S COUNTY,** | * | |
| **MD, et al.,** | * | |
|  | * | |
| **Defendants.** | * | |
|  | * | |
|  | * | |
|  | * | |

**\*\*\*\*\*\***

### <u>MEMORANDUM OPINION</u>

Before this Court is Plaintiffs' Motion to Issue Show Cause Order Against Eyewitness Dominique Chevon Cummings (the "Motion") (ECF No. 67).  The Court has reviewed the Motion, related memoranda, and applicable law.  No opposition has been filed and no hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  Plaintiffs seek a court order holding Mr. Cummings in contempt for his failure to appear at a deposition scheduled for May 19, 2014.  For the reasons presented below, the Court **DENIES** the Motion without prejudice.

### I.      Factual and Procedural Background

On May 23, 2013, Plaintiffs filed a complaint alleging, inter alia, police brutality and false imprisonment at the hands of Defendants occurring on May 28, 2012.  ECF No. 1. According to a police report, Mr. Cummings told Officer George Higgins that on May 28, 2012, he witnessed an exchange between two people, with the inference being that Mr. Cummings was an eyewitness to the events upon which the Complaint is based.

On March 5, 2014, Plaintiffs served Mr. Cummings with a subpoena to attend a deposition scheduled for May 19, 2014.  Mr. Cummings did not attend.  Plaintiffs' counsel attempted to speak to Mr. Cummings on the telephone two times after the deposition date, but the line disconnected both times.  Plaintiffs filed the Motion on June 27, 2014.

## II.      Standard of Review

Under the Federal Rules of Civil Procedure, this Court may "hold in contempt a person who, having been served [a subpoena], fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  Plaintiffs argue Mr. Cummings was properly served with a subpoena within the meaning of the Federal Rules of Civil Procedure and thus should be held in contempt for his unexplained failure to appear at the scheduled deposition.

## III.     Discussion

### a)  Plaintiffs' service was improper under the Federal Rules of Civil Procedure.

A court may hold a witness in contempt for failure to attend a deposition only if he was properly served with a subpoena.  To effect proper service of the subpoena, if the "subpoena requires [a] person's attendance" it must be coupled with "the fees for 1 day's attendance and the mileage allowed by law."  Fed. R. Civ. P. 45(b)(1); *see also In re Air Crash at Charlotte*, 982 F. Supp. 1092, 1100–01 (D.S.C. 1997) (finding service of a subpoena to be improper because "it was sent without a mileage or witness check").  These fees must include "an attendance fee of $40 per day for each day's attendance."   28 U.S.C. § 1821(b).  They must also include "a travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed."  28 U.S.C. § 1821(c).  Individuals traveling via privately owned automobiles are entitled to compensation of $0.56 per mile.  Notice of Federal Travel Regulations Bulletin 14-03.

Mileage may be calculated "[a]s shown in . . . electronic standard highway mileage guides."  41 C.F.R. § 301-10.302.

Plaintiffs provided Mr. Cummings with a check for $50.00.  After subtracting $40.00 for a day's witness attendance, this leaves $10.00 for transportation costs.  The round distance mileage from Mr. Cummings home to the location of the deposition is 42 miles.  GOOGLE MAPS, http://maps.google.com.  At $0.56 compensation per mile, Mr. Cummings was entitled to travel compensation of at least $23.52.  This is more than the $10.00 provided.  The $50.00 check thus provided insufficient compensation to effect proper service.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion.


November 14, 2014                                             _____/s/_____
                                                             Charles B. Day
                                                             United States Magistrate Judge

CBD/sdh